MARINA A. BRANCH and MALCOLM H. BRANCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Branch v. Commissioner
Docket No. 17568-81.
United States Tax Court
T.C. Memo 1985-295; 1985 Tax Ct. Memo LEXIS 334; 50 T.C.M. (CCH) 173; T.C.M. (RIA) 85295; June 20, 1985. Malcolm H. Branch, pro se. Thomas J. Miller, for the respondent. GOFFE MEMORANDUM FINDINGS OF FACT AND OPINION GOFEE, Judge: The Commissioner determined deficiencies in petitioners' Federal income taxes for the taxable years 1973, 1974, and 1975, and additions to tax for civil fraud against petitioner Malcolm H. Branch under section 6653(b) [1] as follows: Taxable
Sec. 6653(b)
Year
Deficiency
Addition
1973
$3,473.97
$1,736.99
1974
6,985.41
3,492.71
1975
14,932.56
7,466.28
*335 The issues for decision are whether petitioners are liable for the deficiencies in income tax and additions to tax determined by the Commissioner. This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. FINDINGS OF FACT Respondent served upon petitioners Requests for Admissions with numerous accompanying exhibits and Interrogatories, to which petitioners did not respond. Under Rule 90(c) and (e) the facts are deemed admitted. Our findings of fact are based upon the facts deemed admitted and statements made by petitioner Malcolm H. Branch at the hearing on respondent's motion for summary judgment. Marina A. Branch [2] and Malcolm H. Branch (hereinafter referred to as Marina and Malcolm, respectively, or petitioners, collectively) were residents of Tahlequah, Oklahoma, at the time the petition in this case was filed. Petitioners filed joint Federal income tax returns for the taxable years at issue with the Internal *336 Revenue Service Center in Austin, Texas. During the taxable years 1973, 1974, and 1975, Malcolm was an attorney-at-law engaged in the general practice of law in Duncan, Oklahoma. During the same taxable years, petitioners owned and operated a farm east of Duncan, in Stephens County, comprising 110 acres. Petitioners derived substantial income both from Malcolm's practice and from their farm, most of which was not reported on petitioners' Federal income tax returns. During the taxable years at issue, Malcolm derived substantial income, none of which was reported on petitioners' Federal income tax returns, from the sale of narcotics, marijuana, and other hallucinogenic drugs. Petitioners also won at least $10,000 gambling in Las Vegas and Reno, Nevada, during the taxable year 1975, none of which was reported on petitioners' return for that year. Malcolm attempted to evade taxation on this income by extensive use of currency and by depositing legal fees in a savings account *337 carried in his daughter's name or in corporate names. Malcolm also made false, incorrect, and misleading statements to the investigating agents during the course of the investigation of petitioners' income tax liabilities for the taxable years 1973, 1974, and 1975. Petitioners' taxable income for the taxable years 1973, 1974, and 1975, was $17,973.19, $33,291.84, and $53,621.65, respectively. On March 19, 1980, Malcolm entered a plea of guilty to willfully and knowingly attempting to evade income tax by the filing of a false and fraudulent return for the taxable year 1975, a violation of section 7201. On April 15, 1981, the Commissioner timely [3] issued a statutory notice of deficiency to petitioners for the taxable years 1973, 1974, and 1975. The Commissioner determined, through an analysis of deposits and expenditures method, that petitioners understated their taxable income for the taxable years 1973, 1974, and 1975 by $16,984.63, $29,944, and $51,451.69, respectively. OPINION
*338 In their petition and their individual replies to respondent's answer, petitioners alleged the following as the specific facts in support of their suit: (1) expiration of the period of limitations; (2) failure of the Commissioner to disclose to them the information that was the basis for the deficiency; (3) lack of due process; (4) improper notice and service; (5) violation of petitioners' right of privacy and civil rights; and (6) a general denial of all allegations. However, mere allegations or denials in pleadings are insufficient opposition to a motion for summary judgment. Rule 121(d). At the hearing on respondent's motion for summary judgment, Malcolm testified that he and Marina were divorced in 1980, and that she had moved, and had not been served with the motion. Parties are obligated to promptly notify the Court of any change of mailing address under Rule 21(b)(4). No change of address has been received as to Marina, and the notice of trial of this case was sent to her at the address on the petition. Service is proper and adequate if mailed to a party's last known address. Rule 21(b)(1). The first issue for decision, therefore, is whether petitioners *339 are liable for the deficiencies in income tax determined by the Commissioner. The Commissioner's determinations are presumptively correct, , and petitioners bear the burden of proving them to be erroneous. Rule 142(a). Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judment will be granted where there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. ; ; Rule 121(b). A motion for summary judgment, however, may not be defeated by a mere allegation that a material fact is in dispute; the opposing party must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d); see . The burden of proving that there is no genuine issue of material fact is on the moving party. ; *340 . On a motion for summary judgment, the presumptive correctness of respondent's determinations will permit judgment in respondent's favor, without trial, unless the nonmoving party introduces evidence, in his pleadings or otherwise, showing that there is a genuine issue of material fact. . See , which sustains this standard. When petitioners failed to deny the factual allegations respecting the deficiencies determined by the Commissioner which were set forth in respondent's requests for admissions, the matters contained therein were deemed admitted. Rule 90(c). Petitioners also failed to present any evidence as a genuine issue of material fact on this matter at the hearing on respondent's motion. Accordingly, there is no genuine issue as to any material fact concerning the Commissioner's determinations of deficiencies in petitioners' income tax for the taxable years 1973, 1974, and 1975. The Commissioner's determinations of deficiencies are sustained. Rule 121. *341 The next issue for decision is whether petitioner Malcolm H. Branch is liable for the additions to tax under section 6653(b) for fraud. The burden of proving fraud is on respondent, and he must do so by clear and convincing evidence. Sec. 7454(a); Rule 142(b); . This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes, and that there is an underpayment of tax. , cert. denied ; ; . When fraud is determined, as in the instant case, for more than one taxable year, respondent must show that some part of an underpayment was due to fraud for each taxable year for the corresponding addition to tax to be upheld. ; ; . *342 The existence of fraud is a question of fact to be resolved upon consideration of the entire record. ; , affd. without published opinion . Fraud will never be presumed. . Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. , affd. ; . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; ; . In the instant case, despite respondent's declaration at the hearing on his motion for summary judgment that there is no genuine issue as to any material fact and that he is entitled to a judgment in his favor *343 as a matter of law, Malcolm did not introduce any evidence in opposition to said motion. Malcolm also failed to set forth specific facts showing that there is a genuine issue for trial despite this Court's express requirements for such a showing in this procedural context. Rule 121(d). We do not, however, rely upon Malcolm's failure to oppose respondent's motion for summary judgment in order to grant respondent's motion on the issue of fraud pursuant to section 6653(b).The requests for admissions and attached exhibits, which have been deemed admitted under Rule 90, provide an affirmative basis for this holding. We have previously held that respondent may carry his burden of proof with respect to fraud by means of evidence deemed admitted. ; , affd. without published opinion ; . Respondent has affirmatively shown numerous indicia of fraud. Malcolm, throughout the taxable years at issue, arranged his affairs so as to conceal, mislead, *344 or otherwise prevent the collection of tax by dealing primarily in cash, using accounts in other people's names, and failing to report the major portion of his income on petitioners' Federal income tax returns. Malcolm also made false, incorrect, and misleading statements to the investigating agents. Further, with regard to the taxable year 1975, Malcolm is collaterally estopped by his criminal conviction under section 7201 from denying that he willfully attempted to evade tax for that year. ; ; , affd. . Where respondent has shown that over 90 percent [4] of petitioners' income was unreported in three successive taxable years, and that fact is accompanied by evidence of attempts to conceal, mislead, or otherwise prevent the collection of taxes, we have no difficulty in holding that fraud has been established by clear and convincing evidence justifying the addition to tax under section 6653(b). See ; *345 ;, affg. a Memorandum Opinion of this Court. Accordingly, the Commissioner's determination that petitioner Malcolm H. Branch is liable for the additions to tax under section 6653(b) is sustained.
Petitioners' remaining arguments are merely assertions of their legal position, devoid of factual support, and are not evidence competent to show that a genuine issue as to any fact exists. .Further, petitioners' assertions that their constitutional rights have been violated are arguments that have been previously examined, and rejected. , affd. without published opinion . An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, and attendant regulations as amended and in effect for the relevant years, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. Marina A. Branch joined in the filing of the petition in this case and also filed a reply to respondent's answer, but did not appear at the hearing on respondent's motion for summary judgment.↩
3. In the case of a fraudulent return with the intent to evade tax, the tax may be assessed at any time. Sec. 6501(c)(1). The period of limitations has not, therefore, expired.↩
4. The percentages of underreporting are 94 percent, 90 percent, and 95 percent for the taxable years 1973, 1974, and 1975, respectively.↩